IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| A&H MANAGEMENT SERVICE, INC., | ) | CASE NO.: 1:07 CV 1321 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| CHAFFLOSE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |

This matter is before the Court on a Motion for an Order to Compel Specific Performance of the Settlement Agreement filed by Plaintiff A&H Management Service, Inc., formerly known as Nylonge Corporation. (ECF # 20). For the reasons set forth below, Plaintiff's Motion is GRANTED.

## I. INTRODUCTION

Although the procedural background of this case is somewhat complex, the facts relevant to the instant Motion are fairly straightforward. In August 1993, the Nylonge Corporation, now Plaintiff A& H Management Service, Inc., entered into a Joint Venture Agreement with Sasaya America, Inc., now Defendant Chafflose Corporation. The Agreement provided, in pertinent part: (1) Ohio law governed any dispute relating to the interpretation and enforcement of the Agreement, and (2) conflicts relating to the Agreement were to be resolved by arbitration in Cleveland, Ohio, in accordance with Ohio law and the rules of the American Arbitration Association.

A dispute arose under the Joint Venture Agreement, which was mediated through the International Centre of Dispute Resolution ("ICDR"), a division of the American Arbitration

Association, on August 20 and 21, 2007 in Cleveland, Ohio. The result of that mediation is the subject of the instant Motion.

Plaintiff claims that, after two days of negotiation, Plaintiff and Defendant agreed to a complete settlement of the entire dispute, and counsel were instructed to prepare a formal written settlement agreement that would be signed by both parties. Conversely, Defendant contends that no settlement was ever made, either oral or written. According to Defendant, no agreement was reached and, hence, there exists nothing to enforce.

On May 21, 2008, this Court held a hearing on the Motion for an Order to Compel Specific Performance of the Settlement Agreement. At the hearing, oral argument was made by counsel for both parties, testimony was offered by two witnesses, and exhibits were entered into evidence. At the close of the hearing, the Court granted counsel for both sides the opportunity to file proposed findings of fact and conclusions of law. Counsel for Plaintiff and Defendant filed their respective proposed findings of fact and conclusions of law on May 30, 2008. Thus, this matter is now ripe for consideration.

## II. ANALYSIS

The applicable law is clear that the existence of a valid settlement agreement is not diminished by the fact that the parties have yet to memorialize the agreement. *See Re/Max Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001). That is, "[w]hen the parties have agreed on the essential terms of a settlement, and all that remains is to memorialize the agreement in writing, the parties are bound by the terms of the oral agreement." *Id.*; *see also Stewart v. Carter Mach. Co., Inc.*, No. 02-3720, 2003 WL 22682433, at *2 (6th Cir. Nov. 6, 2003) ("[A]n oral agreement to settle a case may be enforced where all that remains to be done is to reduce the agreement to written terms."). Thus, the settlement is binding, despite the lack of a

writing, if the evidence reflects that the parties agreed on the essential terms. *See Graley v. Yellow Freight Sys., Inc.*, No. 98-4166, 200 WL 799779, at *6 (6th Cir. 2000).

In this case, the evidence reflects that all of the essential terms had been agreed upon, and all that remained was to put the agreement in writing. The undisputed facts include the following:

- On August 21, 2007, a settlement was agreed to by counsel for both Plaintiff and Defendant at the close of the mediation. The settlement terms consisted of Plaintiff paying $800,000 to Defendant, mutual releases, and the dismissal of two lawsuits, the first having been filed in Japan and the second in this Court. Counsel for both parties likewise agreed to the dismissal of the arbitration.

- Defendant's counsel, Thomas Lee, agreed at the mediation that a settlement had been reached, and formulated a plan with Plaintiff's counsel for the preparation of a formal Settlement Agreement memorializing the settlement;

- Defendant's counsel authorized Plaintiff's counsel to inform this Court on August 22, 2007 that the matter had been settled;

- On the same date, counsel for Plaintiff and Defendant likewise informed the ICDR that the matter had been settled;

- On September 13, 2007, counsel for Plaintiff and Defendant reached an agreement on all of the language of a written Settlement Agreement and Release, which incorporated the settlement terms agreed upon at the close of the mediation.

Further, based upon the agreement, Plaintiff wire transferred funds to a subsidiary of Defendant.

At the hearing, Mr. Lee's testimony made clear that he, as counsel for Defendant, had agreed at mediation to the settlement of the case. When asked, on two occasions, if he transmitted to Plaintiff's counsel that a settlement had been reached, he clearly responded, "Yes." (ECF # 35 at 85-86.) Mr. Lee further testified that it was his understanding that a definitive settlement was reached on August 21, 2007. (*Id.* at 93.) Mr. Lee also testified that the final draft of the Settlement Agreement reflected all of the terms that he agreed to at the mediation, and that

he had informed Plaintiff's counsel that the final draft of the Settlement Agreement was acceptable. (*Id.* at 87-88.) Indeed, the essential terms agreed upon at the mediation remain unchanged in the final draft of the Settlement Agreement. (*Id.* at 89-90.)

Contrary to Mr. Lee's testimony, however, Mr. Koji Sasaya, President of Defendant, filed an affidavit stating the following:

> I was present at the mediation on August 20 and 21, 2007 as the representative of Chafflose and as an individual. The mediation ended with a framework for an agreement to resolve the complex disputes between our companies, but no actual settlement agreement. I did not orally agree to any terms. It was my understanding when I left the mediation that I was free to accept or reject the written settlement terms that would be proposed later.
> I did not sign the proposed settlement agreement proffered to me by former counsel in September 2007. I did not authorize my counsel to represent that I had agreed to the settlement agreement as written. I do not intend to sign that agreement.

(ECF # 23, Ex.1.) Thus, current counsel for Defendant has taken the position that Mr. Lee lacked the authority to enter into the settlement. *See, e.g.*, (ECF # 38 at ¶ 8 ("The evidence shows that Mr. Lee did not have his client's agreement to the settlement terms or even send this purported finalized settlement agreement to his client until after he had agreed to a finalized version with Plaintiff's counsel.").)

Having considered Mr. Sasaya's affidavit against the backdrop of the entire case, the Court finds that perhaps what is most significant is that which has not been denied. That is, Defendant does not deny that counsel agreed to a settlement at the close of the mediation. Further, Defendant does not contest that counsel agreed upon the final draft of the Settlement Agreement memorializing the terms reached at the close of the mediation. Rather, Defendant's position is that Mr. Sasaya did not agree to be so bound.

Ohio law is law clear on this point:

[W]hen a client hires an attorney and holds him out as counsel representing him in

> a matter, the client clothes the attorney with apparent authority to settle claims connected with the matter. A party may justifiably rely on the attorney's apparent authority unless there is a reason to believe that the attorney has no authority to negotiate a settlement.

*Graley*, 200 WL 799779, at *7 (internal quotations and citation omitted). To that end, if counsel is given authority to settle a matter, and does so on terms that turn out to be unacceptable to the client, the client is still bound to the settlement. *See Patel v. Lowe's Home Ctr., Inc.*, No. 2:05-CV-0775, 2007 WL 544049, at *6 (S.D. Ohio Feb. 16, 2007). In those circumstances, the dissatisfied client's remedy is to sue in malpractice, rather than to avoid the settlement. (*Id.*)

This Court has examined the facts of this case thoroughly and finds that what occurred here is relatively apparent. Despite Mr. Sasaya's testimony as set forth in his affidavit, the facts reveal that all parties to the mediation, including Defendant's own counsel, believed that a settlement agreement had been reached at the close of the mediation. All of the essential terms were agreed upon, and the parties agreed to memorialize those terms in writing. Those terms were memorialized in the final Settlement Agreement, which was agreed to by Defendant's counsel in September 2007. At no time during the mediation did Mr. Sasaya inform Mr. Lee that he was not authorized to act on Defendant's behalf. In fact, Mr. Lee testified to the contrary:

> Q. Did Mr. Sasaya ever state to you that you were not authorized to represent to anybody that he had agreed to the settlement agreement?
>
> A. ... [T]he answer is no.

(ECF # 35 at 100.) In addition, Mr. Lee testified that he received e-mails from Mr. Sasaya reflecting that the agreement was finalized. (*Id.* at 101.) At some point in time, however, well after the mediation, Mr. Sasaya apparently changed his mind and decided that the settlement was no longer acceptable.

The relevant law does not allow for such a change of heart. As stated, when the parties

have agreed on the essential terms of a settlement, and all that remains is to memorialize the agreement in writing, the parties are bound by the terms of the oral agreement. Defendant is so bound.

Having determined that a valid settlement agreement exists, Plaintiff's Motion for an Order to Compel Specific Performance of the Settlement Agreement is hereby GRANTED. (ECF # 20). Defendant is thus ordered to comply with the terms set forth in the final Settlement Agreement. This case is TERMINATED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: June 16, 2008