**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| A & H MANAGEMENT SERVICES, INC., | ) ) | CASE NUMBER 1: 07 CV 1321 |
| | ) | JUDGE DONALD C. NUGENT |
| Plaintiff, | ) ) | |
| v. | ) ) | MEMORANDUM OPINION |
| CHAFFLOSE CORPORATION, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Motion of McGuireWoods, LLC to Enforce Attorney Lien. (ECF #133).  McGuireWoods replaced the Taft Stettinius law firm as counsel for Chafflose Corporation, and also represented Mr. Koji Sasaya and Sasaya American, Inc., in the proceedings before this Court until its motion to withdraw as counsel was granted on November 22, 2010.  By this motion McGuireWoods seeks payment for legal services rendered in the amount of $352,350.01 from the $800,000 settlement that A&H Management Services ("A&H") is to make to Chafflose Corporation.

A&H has filed a Response to McGuireWoods Motion to Enforce Attorney Lien, asking that the Motion be denied.  Specifically, A&H argues that Koji Sasaya has a legal services malpractice action against McGuirewoods in connection with legal services that McGuireWoods rendered to Sasaya and certain of his corporations (Chafflose Corporation and Sasaya America, Inc.) that is currently pending before Judge Gwin in the Northern District of Ohio.  See Sasaya v. Earle, et al., Case No. 1:11CV628. In that lawsuit, McGuireWoods has asserted a counterclaim stating that it is owed $375,677.49 for legal fees and expenses.  The issue of fees owed to McGuireWoods, if any, will be determined by Judge Gwin.

Further, as no judgment has been rendered in the action pending before Judge Gwin, McGuireWoods does not have a judgment against Sasaya or any of his companies, and thus cannot assert a judgment lien. To the extent that McGuireWoods' Motion asserts a "charging lien" on the proceeds of the A&H/Chafflose Settlement Agreement, which Agreement was arrived at six months before McGuireWoods was retained, such claim must fail as McGuireWoods had no part in creating the settlement funds.  See *Cohen v. Goldberger*, 109 Ohio St. 22 (1923), paragraph one of the syllabus; *Petty v. Kroger Food & Pharmacy*, 165 Ohio App.3d 16, 20 (2005).

Finally, McGuireWoods is not a party to this action and thus lacks standing to assert its purported "attorney lien" in this case.[1]  For all of these reasons, McGuireWoods' Motion to Enforce Attorney Lien (ECF #133) is denied.

IT IS SO ORDERED.

   _/s/Donald C. Nugent_____
   DONALD C. NUGENT
   UNITED STATES DISTRICT JUDGE

DATED:__January 3, 2012

---

[1]

Unlike McGuireWoods, Taft Stettinius is an intervenor plaintiff in this action and had a part in creating the "settlement fund."

2